IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00725-MR

| | |
|---|---|
| DAYSHAWN BECKHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| GARRY L. MCFADDEN, et al., ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| Respondents. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's pro se Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 [Doc. 4].

**I.     BACKGROUND**

The pro se Petitioner is a pretrial detainee on charges including first-degree murder in Mecklenburg County Superior Court. His initial Petition was dismissed on initial review and he was granted the opportunity to amend. [Doc. 3]. The Amended Petition is now before the Court. [Doc. 4]. In the Amended Petition, the Petitioner challenges a pending murder charge and various aspects of his criminal proceedings in Mecklenburg County. In his Amended Petition, the Petitioner admits not having appealed the

challenged actions. For relief, the Petitioner seeks "to dismiss the first-degree murder charge (20CR205428-590) and have me released." [Id.].

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. See Rule 1(a), (b), 28 U.S.C. foll. § 2254 (a district court may apply the rules for § 2254 proceedings to other habeas petitions). Pro se pleadings are construed liberally. See generally Haines v. Kerner, 404 U.S. 519 (1972) (a pro se complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers). After examining the record in this matter, the Court finds that the Amended § 2241 Petition can be resolved without an evidentiary hearing based on the record and the governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). The Court also determines that no response is required.

## III. DISCUSSION

A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). A pretrial detainee, however, is not "in custody" pursuant to a state court judgment and therefore cannot seek § 2254 relief. See Dickerson v.

Louisiana, 816 F.2d 220 (5th Cir. 1987). A pretrial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies. See 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004). Although § 2241 contains no express reference to exhaustion of state remedies, as does § 2254, exhaustion is required prior to filing a § 2241 petition. See, e.g., Braden v. 30th Jud. Cir., 410 U.S. 484, 490-91 (1973); Moore v. DeYoung, 515 F.2d 437, 442-43 (3d Cir. 1975). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Here, the Petitioner admits that he did not exhaust his claims in the North Carolina courts. [See Doc. 4 at 5-7]. To the extent that he attempts to rely on letters that he sent to the Mecklenburg County Superior Court, this is insufficient to satisfy the exhaustion requirement. As such, the Petitioner

3

Case 3:24-cv-00725-MR   Document 5   Filed 08/28/24   Page 3 of 5

Louisiana, 816 F.2d 220 (5th Cir. 1987). A pretrial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies. See 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004). Although § 2241 contains no express reference to exhaustion of state remedies, as does § 2254, exhaustion is required prior to filing a § 2241 petition. See, e.g., Braden v. 30th Jud. Cir., 410 U.S. 484, 490-91 (1973); Moore v. DeYoung, 515 F.2d 437, 442-43 (3d Cir. 1975). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Here, the Petitioner admits that he did not exhaust his claims in the North Carolina courts. [See Doc. 4 at 5-7]. To the extent that he attempts to rely on letters that he sent to the Mecklenburg County Superior Court, this is insufficient to satisfy the exhaustion requirement. As such, the Petitioner

failed to exhaust his state remedies before filing this action and the Amended Petition is not properly before this Court. Moreover, the relief that the Petitioner seeks – the dismissal of his pending murder charge – is not available by way of § 2241. See Dickerson v. State of Louisiana, 816 F.2d 220, 226 (5th Cir. 1987) ("[A]n attempt to dismiss an indictment or otherwise prevent a prosecution … is not normally attainable through federal habeas corpus") (quoting Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976)). For all of these reasons, the Court will dismiss the Amended Petition without prejudice.

**IV. CONCLUSION**

For the reasons stated herein, the Petitioner's Amended § 2241 Petition is dismissed without prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 4] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**     Signed: August 28, 2024

Martin Reidinger
Chief United States District Judge